The next case for argument is 17-15-24, District of South Dakota, Stephen Brende v. Darin Young et al. Mr. Morrison. Thank you, Your Honor. Members of the Court, my name is Stephen R. Morrison, and I represent Stephen Brende. I know you have a busy docket today, so I'm grateful that you decided to recalendar this case, particularly because I believe with all my heart that Stephen Brende is entirely innocent. That's not the issue before this Court, but I feel like it needs to be said. What is at issue before this Court is whether Stephen, on habeas review in district court, stated a claim that there was insufficient evidence to find him guilty of the one relevant count of oral sex. When the entirety of the evidence at trial has six characteristics, my argument is that the evidence is insufficient, and at the very least, my client has stated a claim. Those six characteristics are... I didn't quite follow in your brief what you mean by stated a claim. I understand under the statute there's a procedural hurdle of stating a claim to get a hearing. I don't know what the hearing would be here. It's just a matter of what the record is and whether the record supports legally the sufficiency standard, isn't it? And I think that's the government's claim in its brief that what we're not talking about is whether Brende stated a claim, but whether there was, in fact, insufficient evidence. Well, actually, it's another layer. It's whether the state court reasonably believed, right? But anyway, are you saying there would be a hearing of some kind here, or are we just... Well, I think there would be a full hearing. If this court wants to decide whether there was, in fact, insufficient evidence or not, the same six characteristics of the evidence are relevant. Now, the standard of... I'll let you talk about the six. I just didn't understand what the hearing would consist of because I thought we were just dealing with a trial record and a legal question. You are dealing with a legal question. And if this court reaches the sufficiency question itself and not whether Brende stated a claim, then my argument rests on these six characteristics, and I would argue that, as a matter of law, there was insufficient evidence. Now, I'd like to get to those six characteristics. What we're talking about here on the record was the videotaped allegation of the child before trial, and the child did not testify as to the one count, the oral sex, at trial, nor did the prosecutor even ask the child. The six characteristics of the entirety of the evidence are it's hearsay, it's uncorroborated, it's unreliable, it wasn't subject to cross-examination, it wasn't substantiated at trial, and it presents, as the magistrate said, a legally and factually novel scenario. Based on these six characteristics, at the very least, my client stated a claim, and I would argue that the evidence is also insufficient. Now, I recognize that under sufficiency review, my client would have an exceedingly difficult time winning in this court. What I am essentially asking the court to do is to look at these six characteristics and adopt a rule of law that when these six characteristics reflect the entirety of the evidence against somebody, then, as a matter of law, there was insufficient evidence. Now, this is not going to have a lot of ramifications. I could find no case, and the government cited no case in its brief, where these six characteristics were engaged at trial. The government mentions in its brief, accurately, that a victim's testimony is normally sufficient for guilt. That's true as far as it goes, but there was no victim's testimony in this case. The victim never testified as to the oral sex. The government cites a number of cases, Charbonneau, Owens, Neihammer, Loeblein, the last of which I cite as well, in support of its case, but in all of those cases, the victim testified at trial. There was no testimony here. The evidence was insufficient. Which are we talking about, the oral sex or the rape? Well, there were four counts, one of which was anal penetration. That was reversed in South Dakota's Supreme Court because the victim recanted at trial. The oral sex count is what we're talking about here. The victim made the allegation on the video, but the prosecutor never asked him about it at trial. And then there were two other counts. The video was admitted. I'm sorry? The video was admitted. It was admitted. It was admitted after. As I read the record, it was admitted after the child had testified and was excused. Is that right? I don't know, Your Honor, whether it was admitted. You don't know? I don't know whether it was admitted before or after. Well, wouldn't that have some implications as to? Well, yeah, I thought you would know. Arguably, he, Brendy's attorney, could have confronted the victim as to the videotaped allegations. Well, I was just wondering about that. I guess he could have recalled the witness. He could have, but my argument. Since you don't know about the timeline, my understanding is it was admitted after the child was excused. But I suppose Brendy could have recalled him and. . . If it was admitted after the child took the stand, then that would, I think, bolster my case. Not after he took the stand, after he was excused. After he was excused. That would bolster my case. But Your Honor is correct. Brendy could have recalled the child. My claim, however, is that under these circumstances, the confrontation clause was not satisfied. And I could find. . . You're bringing up a whole new issue. You read the briefs. You wonder why isn't that the issue in the case, and it's not even in the case. That's not why the certificate was granted, was it? Strictly speaking, the certificate was granted to determine whether my client stated a claim. That's the narrow. . . That's the only thing we're here to hear. Absolutely right. And based on these six characteristics, I think he did state a claim. On sufficiency, you're saying? Well, on whether he stated a claim, but also on the substantive question of sufficiency. Now, I see Your Honor is struggling with this. Well, I'm not struggling with it. I don't understand what you're talking about when you say it's now a confrontation case. Well, one of the six characteristics that I'm talking about is that the videotaped allegation was not subject to cross-examination. If it's not subject to cross-examination, then we have a confrontation clause violation. Now, strictly speaking, Your Honor is correct that Brandy could have recalled the child, but. . . And this would be an entire. . . The child wasn't ever raised. The confrontation wasn't raised, and the district court said it's not been raised. I don't. . . I don't think it was. I don't think it was the first time at oral argument in the Eighth Circuit. That's correct. And the reason that I don't raise it in my blue brief is that that's not the issue upon which the certificate of appealability was granted. But it's subservient to the issue, whether my client stated a claim or whether there's insufficient evidence. It's just. . . I think it just bolsters my case. No, I don't. . . I mean, it's a legitimate question. I wondered why nobody had argued it. As an appellate attorney, I don't like to second-guess trial attorneys, but I sometimes wonder the same thing. You weren't the counsel in the habeas proceeding? No, Your Honor. I was appointed only in this court. I see. Oh, I see. Yes. Yeah, my client proceeded pro se. And the procedure to get to the Eighth Circuit is somewhat circuitous, especially when you're dealing with a pro se litigant. But all along the way, the claim was insufficiency of the evidence. Now, in the district court on habeas review, the state filed a 12B6 motion to dismiss for failure to state a claim. The court granted that motion. So, strictly speaking, the district court never actually determined whether there was sufficient evidence. The state would want to argue now that that is the question. And I think realistically . . . What do you think the court's doing when it grants a motion to dismiss for failure to state a claim?  I think realistically speaking, this court could take on the substantive question of sufficiency without any detriment to . . . I'm just wondering what you want us to do if you say you've stated a claim. You want us to remand it and tell the judge to basically issue the same order that the state supreme court did not unreasonably apply? I would want this court . . . If it decides on the stating the claim issue, I would want this court to remand the issue to district court . . . so that the district court can go through a full hearing to determine there was insufficiency. At that point, that's when you want to try to exclude the . . . you're going to deal with the confrontation? Well, at that point, I absolutely would. But wouldn't that . . . that's already been resolved. Why would that come back as a new issue? I'm not sure it has been resolved. Since the state essentially ended this in district court with its motion to dismiss for failure to state a claim . . . this case hasn't been fully vetted in district court. Well, I don't think confrontation clause was raised. But, what evidence would you envision at this hearing that you seek? I think primarily, it would be legal argumentation. It would be essentially taking the brief that I wrote. There is no evidentiary hearing then. So, let's go ahead and address the legal argument then. As to whether there was sufficient evidence. What supreme court case . . . what clearly established law was unreasonably applied by the supreme court of South Dakota? Isn't that really what we need to focus on? It is. I don't think that there is any clear case regarding the issue we face today. This is a case of first impression where the entirety of the evidence is an out-of-court hearsay . . . uncorroborated, unsubject to cross-examination, not substantiated at trial statement. That was not objected to. I'm sorry, Your Honor? That was not objected to. It was not objected to. That's true. Was there any ineffective assistance claim raised in this case? There was an ineffective assistance claim raised in United States District Court, and that did not survive. I believe that's true. You believe that's true, and it was not appealed, or no certificate was granted on it? It's not the subject of any certificate of appealability. My client would certainly love to raise it, and perhaps I would as well, but it's simply not an option at this point. Well, I guess your argument has to be there's a clearly established law of Jackson against Virginia at a high level of generality as to what the standard is for sufficiency. And I guess your argument must be it was an unreasonable application of Jackson to say that a videotaped statement that meets these six criteria met Jackson's standard. I concede that if you apply just traditional sufficiency of the evidence law, Stephen Brandy has an incredibly narrow path to victory. But what I would suggest is a reasonable person, when faced with this type of evidence, hearsay, out of court, uncorroborated, unsubstantiated, a reasonable person would say based on that, nobody can be found guilty. And that's the standard. Now, if another case arises, if this court finds in my client's favor, and another case arises with these six characteristics, well, then they've got a great case in this. But I dare say this is not going to open the floodgates. This is an incredibly rare circumstance, and in the future, all prosecutors would have to do is ask their witness. You interviewed with the Child Advocacy Center. You said this. Tell us about it. Did Stephen Brandy abuse you? That's all they have to do. It's easily resolvable by the state, and you're carving out a very small exception that would protect people from being convicted based on out-of-court hearsay, uncorroborated statements. And essentially, that's my argument. This type of evidence in this narrow of a circumstance is, as a matter of law, insufficient to find a defendant guilty. I see I have two minutes. I was wondering if you could put it into the framework of 2254. You're asking us to carve out this exception, but I'm sure you're familiar with the general. You say if we follow a traditional sufficiency approach, he has a difficult road. Well, I don't understand how we don't follow a traditional sufficiency approach. I mean, the statute says there has to be an unreasonable application of clearly established law for us to grant relief. What else? If you don't think we have to go through that route, how would you write the opinion? Well, I suppose by asking this court for a carve-out, perhaps I'm asking too much, and perhaps this court doesn't have to impose a carve-out. Perhaps this court merely has to recognize that this type of evidence with these six characteristics, no reasonable person could find somebody guilty. And that's that. Do you really mean no reasonable state supreme court could? No reasonable juror. And I recognize. Well, that's not enough because it's on habeas. It's not on direct review. That's true. Put it in the form of a question, but wouldn't we have to find more than no reasonable juror could, but that no reasonable state supreme court applying clearly established law could affirm a jury's verdict? That's true, Your Honor. And as I've told my client numerous times, this is a habeas appeal, and it's an incredibly narrow path to victory. But I would hope that this court can find its way to finding in favor of my client, who I think is innocent, and who was convicted in any event based on some very tenuous evidence. Your Honors, I see my time is up. Thank you very much. Thank you, Mr. Morrison. Mr. Hanson? I'm sorry. Yeah, okay, I got my chart wrong here. No, it is Mr. Hanson. I appreciate it. Thank you, Your Honor. May it please the court. I have two Hansons on my list. I had to make sure I was looking at the right one. My name is Michael Hanson. I represent the state. I'm generally a litigation attorney for the state. Pat Archer, who's the appellate attorney, had a conflict, and I was asked or assigned to come do this case. I think I got the assignment because for 30 years I worked as an assistant United States attorney, and I did a significant number of child sex abuse cases. Did you ever prosecute somebody based on a videotape exhibit that was not discussed in the trial and where the victim was not even asked about the alleged abuse in your 30-some years? I was going to come to that. It's in the argument. This scenario is not unusual. This scenario is not unique. What we have in a different area in federal law is back before there was child advocacy centers, before there was videotaping, before that we would ask social workers, counselors, what the child had said, and we would get the out-of-court statements of the child in front of the jury through people for their memory. This evidence is so much better in that it comes in a videotape of the child saying it themselves. I guess it would be the federal rule of evidence, 803.24, would be if you find your line of cases that show that this type of evidence comes in. It's now 807. It's now Rule 807. But Spotted War Bonnet, St. John, Belfany, Shaw, Azure, all of those cases, all or part of the convictions is based on out-of-court statements, actually not taped but made to FBI agents, foster. I did one where a foster mother repeated what the child had said, so they're significant. This is not unique. I don't know whether those cases are still good law under the Confrontation Clause No. 1. And No. 2, didn't the child also testify in those cases, and you were using the out-of-court statement to corroborate the child? In almost all of those cases, the out-of-court statement filled in the detail, and in some cases clearly that counts what sexual act had occurred. The court said if the child is unable or unwilling to give the detail, we're going to let, because the difficulty in child abuse cases, this court allowed kind of other mechanisms to allow that. And we have confronted the Confrontation Clause by this court saying, if the child testifies and there is the opportunity to cross-examine the child, that will be sufficient. In this particular case, the child didn't have the opportunity to talk about the oral counts because nobody asked the child. Nobody asked the child. Now, there's a suggestion. Unless I'm getting it, in your 30 years, wouldn't you have asked the child about the charge in the case? There was clearly a mistake by the trial prosecutor in not going into the specific counts that he had. That's very true. Now, to say that was sinister— That's the part that's unusual, don't you think? That's not usual. And yet there are many cases where you ask the child that, and the child is unwilling or unable to really say, his penis went here or the touching was here, and the fulfillment or the detail of that count comes from an out-of-court statement. It comes from a statement that the child made that is found to be reliable and allowed in as substantive evidence. And that's what we have here. We have a videotape that went through all of the proper review for tender child statements and was found to be substantive evidence. I tried to judge the question, did the Supreme Court of South Dakota make an objectively reasonable finding that there was sufficient evidence to convict Mr. Brandy of his oral count? When you use the guidelines, the standard set forth in Jackson v. Virginia, that in light most favorable to the verdict, could any rational trier of fact find this to be guilty? And the answer to both those questions is yes. I mean, it was reasonable for the Supreme Court of South Dakota to find that, and any rational trier of fact could find that he had oral sex when it viewed the videotape or the VCR. Now, I guess I have a copy, but I mean, the court's very busy, but if you review that VCR, it's very clear that the child outlines an oral sex count that occurred on him. And he also doesn't counterdict in that. There was some mention in the magistrate's opinion it was counterdictive. Well, that's about some dates. That's about whether the living room or the dining room. There is no contradiction by the child about the oral count. What the defendant's problem is, is he's arguing that the manner in which this is proven by the videotape, he's complaining about that. He's complaining about the evidentiary ruling that this is substantive evidence. And that's a state statute. That's a state finding about immiscibility of evidence. And on a habeas review, that clearly can't be overturned by this court. The South Dakota Supreme Court is clearly able to make a ruling on whether or not the tender years exception is appropriate. What really the defendant is arguing is that that statute should be overturned. How this evidence was presented should be overturned, and you can't do that in a habeas relief. He's couched it as an insufficient argument or a dismissal of his claim. But what he's complaining about is the manner and the method of why there's substantial evidence in this case, and that is the videotape. Even himself in page 20 of his brief, he states that there is some evidence of oral penetration in this case. Well, some evidence is the videotape, and if the videotape is rational, if you view it and it's rational, then he doesn't have a case. And you're absolutely correct, Judge. The videotape was played after the child testified. The child testified, and no one asked him about the oral count. The assistant who tried the case thought he did, because in the motion for acquittal, he argued, I clearly did ask the child that. I mean, he just made a mistake. He thought that he did ask the child about the oral count. After the child testified, the judge made the additional finding under 10 years that the child had been cross-examined effectively, which he had. I mean, they asked him all sorts of questions about credibility. They asked him about ghosts. They asked him about school. They asked him about his troubled family. I mean, there was effective cross-examination. Just not on the . . . Just not on . . . And then there's the claim, well, why should the defendant do that? Why should his trial attorney do that? Well, if you look at it, he asked him about the anal. You know, as I view this, too, as a trial attorney, the child on direct said, he put it in my crack. Well, that probably led him to . . . that led his defense attorney saying, well, if we can keep it to that area, we can get out of the first count of penetration. But in regard to the oral sex, nobody asked. Neither attorney asked the child questions. So the child was unable to tell the jury about that by no fault of the child. And so this fits in those . . . If you find it's reliable evidence, or if the court finds that it's reliable outside the court's statements, like it has in many of those catch-all hearsay cases, then we have plenty of evidence, and we have sufficient evidence. What about Judge Schreier's findings? Were they sufficient, do you think? Judge Schreier made a determination after reviewing the magistrate's decision. And the magistrate, federal magistrate in this court, probably if she had . . . if this was a direct appeal to her, as I read it, probably wouldn't have made the finding. But to Judge Duffy's credit, she knew what the standard was. And the standard again is, was it objectively unreasonable and a clear violation of Supreme Court law to make that finding? And she said no. I mean, she did sort of weigh the merits of this case, wasn't delighted in how she read the record, but made the correct finding, the appropriate finding, that she could not reverse this. And I guess her decision is really kind of a guide to this court. That's exactly what this court kind of needs to do. And you're reviewing it de novo just like she is. Now, to send this back, your other point, Judge, about sending this back makes no sense whatsoever. This court must review this record based on the state record, the jury trial. You can't introduce any new evidence about what the prosecutor was thinking by not asking it. You can't introduce any new evidence. And so the record is fully developed to make this determination and the Judge Duffy wrote 38, I think it's 38 pages in regard to this. So she didn't simply dismiss this as a failure to state a claim. She went through this case and the facts of this case significantly and then reached her decision, which was an appropriate decision and correct in this case. I guess I covered confrontation. The child testified. This court has said that. There was no ineffective assistance claim. Well, you know, I'm not sure what it was. I picked this up just about a week ago. There certainly isn't. There wasn't an ineffective assistance to claim on the direct appeal to the South Dakota Supreme Court, which is kind of what's important for us. The habeas concentrated on whether or not the out-of-court person, Colleen Brazil, had vouched for the victim. So that was pretty much the state habeas. And then this habeas, I haven't, you know, it's kind of a convoluted. If you look at his petition, I think the magistrate cites parts of his position, his petition. In her opinion, it's fairly convoluted, but I do not think there's ineffective since the council. And I think if you recognize it, it's not going to be effective. Meaning Crawford and the confrontation clause do not come into play. When the child does testify, which he did in this case, and there is effective cross-examination. Well, I suppose the argument would be that the defense attorney should have cross-examined, recalled him or something about the oral that was on the tape. But I suppose he would say, I didn't want to highlight it. And the prosecutor didn't ask about it. So maybe the jury will not think there's any evidence. He didn't know the answer to that question. I guess we're all trained, don't ask that question unless you know the answer. And yet he did go into the question on the anal penetration. Oh, yeah, he got an acquittal on that. And he got an acquittal on that. But I guess I would say he kind of had a lighthouse. Or when the child on direct said, he put it in my butt crack, that gave him kind of a reason why I'm going to go there, but I'm not going to go in. But he was very effective. I mean, if you want to go read the trial transcript, his trial attorney was very effective in bringing out areas of credibility in regard to that child, that he had an imaginary knife appear under his pillow. I mean, he did very well. And it's all cited in defendant's brief. But even above those, the jury found him credible. And, again, if you watch the videotape done at Child's Voice, it is a very believable video. I've looked at 150 child victim videos. This child has how it feels. This child talks about what the conversation they're having. When the white stuff came out, this is how children come from. This child did very well. I see my time is up. I apologize. But unless there are other questions, we ask you to affirm the district court in this case. Thank you. Thank you, Mr. Hanson. Mr. Morrison, did you have any time left? Three seconds. The child was unable to testify. He wasn't asked about oral penetration. By testifying to it, it would have been nonresponsive and objected to. So he was, in fact, unable to testify. And I see that my time is up. Thank you, Mr. Morrison. Thank you. The court notes that you provided representation under the Criminal Justice Act, and we thank you for your willingness to serve. All right. We'll take the case under advisement.